IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Respondent/Plaintiff, | ) | |
| vs. | ) | No. 3:01-CR-0191-R |
| | ) | No. 3:06-CV-0091-R (BH) |
| DAVID VALDEZ, JR., | ) | ECF |
| ID # 29269-177, | ) | Referred to U.S. Magistrate Judge |
|     Movant/Defendant. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Movant, an inmate currently incarcerated in the federal prison system, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The respondent is the United States of America.

On April 2, 2003, movant pled guilty to being a convicted felon in possession of a firearm. In his plea agreement, he "waive[d] the right to appeal his sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742, and the defendant further agree[d] not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255." He specifically reserved the right to appeal: "(a) any application of USSG § 2K2.1(b)(5) in calculating his base offense level, (b) any punishment imposed in excess of a statutory maximum, (c) any punishment to the extent it constitutes an upward departure from the guideline range deemed most applicable by the sentencing court, and (d) ineffectiveness of counsel." On October 7, 2003, the Court entered judgment upon movant's guilty plea, and sentenced him to 90 months imprisonment.

On January 13, 2006, the Court received the instant motion filed pursuant to 28 U.S.C. § 2255. He therein claims that he is serving an unconstitutional sentence because the Court enhanced his sentence based upon facts decided by the Court under a preponderance of the evidence standard. He further claims that essential elements of his crime was not charged in the indictment and thus he did not receive fair notice of his offense. Relying on *United States v. Booker*, 543 U.S. 220 (2005), he contends that both claims are timely.

## II.  SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam), *accord United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Such waiver is also sufficient to summarily dismiss a motion filed pursuant to § 2255. *Booker* does not "alter the plain meaning of appeal-waiver provisions in valid plea agreements." *United States v. McKinney*, 406 F.3d 744, 747 n.5 (5th Cir. 2005). Consequently, a waiver that was signed prior to the issuance of *Booker* is enforceable. *Id.* at 746-47.

In this instance, movant does not contest that he voluntarily and knowingly pled guilty. By such plea, movant voluntarily waived his right to collaterally attack his conviction or sentence in a motion to vacate, except on four specific grounds not raised in the instant motion to vacate. Thus, because movant has raised no claim specifically exempted from his waiver, his informed and voluntary

waiver bars collateral relief in this case. In view of movant's waiver, it is clear that he is entitled to no relief on his claims. Consequently, the Court should summarily dismiss this action.

The Court notes, furthermore, that even had movant not voluntarily and knowingly waived his right to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255, claims based upon *Booker* have not been made retroactively applicable on collateral review and are thus not cognizable under § 2255. *See United States v. Cabrera*, Nos. 3:01-CR-0374-H, 3:04-CV-2739-H, 2005 WL 1422154, at *1 (N.D. Tex. June 14, 2005) (findings, conclusions, and recommendation addressing initial § 2255 motion), *accepted by* unpub. order (N.D. Tex. July 11, 2005).

### III.  EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

### IV.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court summarily **DISMISS** the instant Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255.

**SIGNED this 11th_day of December, 2006.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

  The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                   */s/ Irma Carrillo Ramirez*
                   IRMA CARRILLO RAMIREZ
                   UNITED STATES MAGISTRATE JUDGE